NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RIGOBERTO SANCHEZ-GALVEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-73027

Agency No. A044-568-617

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022[**]
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and SEEBORG,[***] District
Judge.

Petitioner Rigoberto Sanchez-Galvez, a native and citizen of Mexico,

petitions for review of a denial of a motion to reopen administrative removal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

proceedings by the Board of Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, i.e., whether it was "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal quotation marks omitted); *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). "We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny the petition for review.

Petitioner was admitted to this country as a permanent resident in 1994. In 2014, he was found guilty of attempted possession and delivery of a controlled substance and sentenced to prison. He was ordered removed in January 2019, and filed an application for cancellation of removal. His application was denied in March 2019. Petitioner filed a notice of appeal.

Respondent contends that on May 20, 2019, the BIA sent a letter with a briefing schedule for the appeal, with a deadline of June 10, 2019, for both sides' briefs. It produces a copy of the letter, but no proof of mailing. Counsel for Petitioner contends he did not receive this mailing. However, Counsel acknowledges receiving a mailing sent 10 days later, in which the BIA noted "the briefing due dates for both parties remain unchanged." The address for counsel on the two letters was the same.

2

In August 2019, the BIA affirmed the immigration judge's decision. Petitioner did not file a timely motion to reopen that case; instead, he filed an appeal in this court. During the course of that appeal, his counsel allegedly learned for the first time that the transcript had been produced and the briefing schedule had been set. Petitioner then requested remand to the BIA. This court dismissed the appeal for lack of jurisdiction, because Petitioner had not raised the briefing schedule issue at the administrative level.

Petitioner then moved the BIA to reopen the proceeding, well after the allowable period for doing so. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) (statutory deadline is 90 days). The BIA denied the motion based on its untimeliness and Department of Homeland Security's assertion that the briefing schedule had been mailed. Sanchez-Galvez was then removed in March 2020.

Petitioner argues the failure to send the briefing schedule violated his due process rights.

Even assuming notice of the briefing schedule was not sent, the BIA did not abuse its discretion in denying the motion to reopen because Petitioner acknowledges receiving notice of the BIA's decision in August. At that point, Petitioner would have known that the BIA decided his case without receiving his brief and yet he did not file a timely motion to reopen. Indeed, he waited 259 days before filing a motion to reopen, without any valid explanation for the delay. And

3

his previous petition for review to this court does not satisfy the requirement to file a timely motion to reopen. Petitioner's remaining arguments—concerning equitable tolling, equitable estoppel, and the rule of lenity—are inapposite. The BIA thus did not abuse its discretion in denying his untimely motion. *See Chandra*, 751 F.3d at 1036; *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED.**